ANSON DOOLITTLE, Respondent, *v.* JOHN W. DININNY, Appellant.

Where the statute requires an undertaking to be entered into by sureties in order to give a right of appeal, an instrument containing the requisite stipulations is valid, although it does not express a consideration, and is not under seal.

The statute of frauds applies only to common law agreements, where the consideration was the subject of mutual agreement between the parties.

It does not apply to instruments created under, and deriving their obligation from, special statutes, without the acceptance or assent of the party for whose ultimate benefit they were given.

The Code prescribes no form for the undertaking to be given on appeal from the judgment of a justice of the peace.

DAVIES, J.   This is an action upon an undertaking given by the defendant.   On the 28th of May, 1857, the plaintiff in this action recovered a judgment in a justice's court against one Charles E. Burgett, for the sum of $85.70, damages and costs, and from that judgment Burgett appealed to the county court.   No execution was issued on the justice's judgment.

On the 9th of November, 1857, the defendant in this action made and executed an undertaking in the words following: " Justice's Court.   Anson Doolittle *v.* Charles E. Burgett.   Whereas, on the 28th day of May, 1857, before James Whittenhall, Esq., justice of the peace in and for the county of Steuben, the above named respondent recovered a judgment against the above named appellant for eighty-five dollars and seventy cents, damages and costs, and the above named appellant, feeling aggrieved thereby, has appealed therefrom to the county court of said county: now, therefore, I John W. Dininny, of the town of Addison, in the county of Steuben, do hereby undertake that if judgment be rendered against the said appellant on said appeal, and execution therein be returned unsatisfied in whole or in part, I will pay the amount unsatisfied.   Dated 9th day of November, 1857 "

In May 1858, the appeal was brought to a hearing in the Steuben county court, where the judgment of the justice was reversed, and judgment perfected in favor of said Charles E. Burgett for $24.66.

In June, 1858, Doolittle appealed to the General Term of the Supreme Court, from the judgment of the county court, and at the December Term of that court in 1858, the judgment of the county court was reversed, and that of the justice affirmed, and judgment rendered and perfected against said Burgett for the sum of $176.51 in the Supreme Court, and in the same month execution was issued on said judgment to the sheriff of Steuben county, and returned unsatisfied. The plaintiff then brought this action against the defendant upon this undertaking, and claimed to recover of him the said sum of $176.51, and interest from the date of said judgment. The defendant demurred to the complaint, and alleged that the same did not contain facts sufficient to constitute a cause of action. The demurrer was overruled at Special Term, and the defendant, on leave granted, declined to answer, and thereupon judgment final was rendered against him for the amount claimed in the complaint and costs of this action, and on appeal the same was affirmed at the General Term, and the defendant now appeals to this court.

It is now insisted upon by the appellant, that the instrument upon which the plaintiff seeks to recover is void by the statute of frauds; that it is a special promise to answer for the debt, default or miscarriage of another person, and it is void, because no consideration is expressed in the written undertaking of the party sought to be charged. There is no force in this objection. The undertaking is prescribed by statute, and the object in giving it was to procure a stay of execution upon the judgment in the justice's court. This undertaking was executed in conformity with the provisions of section 356 of the Code, and section 357 declares the delivery of the undertaking shall stay the issuing of execution. Now, the precise point made in the case at bar, was presented to this court for its consideration in *Thompson* v. *Blanchard* (3 Comst., 335). It was there held that where a statute requires

an undertaking to be entered into by sureties in order to give a right of appeal, an instrument containing the requisite stipulations is valid, although it does not express a consideration and is not under seal, and that the statute of frauds applied only to common law agreements where the consideration was the subject of mutual agreement between the parties, and not to instruments created under and deriving their obligation from special statutes, without the acceptance or assent of the party for whose ultimate benefit they were given.

But it is urged that this undertaking does not fall within the influence of this decision, as it is claimed that it was not executed in conformity with the Code. It is contended that it departs from the form prescribed by the Code, in that it recites that an appeal had been taken to the county court of said county, and that it was provided in the undertaking that the defendent was to pay if the judgment be rendered against the said appellant *on said appeal.* In reference to the first objection, it is only needful to observe that the Code does not prescribe any form for the undertaking. It declares that a written undertaking shall be given, *to the effect* that if judgment be rendered against the appellant, and execution thereon be returned unsatisfied, in whole or in part, the sureties will pay the amount unsatisfied. The Code contains no intimation that a recital to precede the undertaking is requisite, or what it shall contain if any is used. In the present case, a recital was eminently proper to make the undertaking intelligible, and it correctly recited the facts existing at the time it was given, namely, the court in which the judgment had been recovered, the names of the parties, the date of the recovery of the judgment, the justice before whom it was recovered, and the proper county in which he resided, and in and for which he was a justice, the amount of the judgment, that the appellant felt aggrieved thereby, and that he had appealed therefrom to the county court of said county. He could only by law have appealed to the county court of Steuben county, and the adding to the recital what was apparent, and would have been presumed,

can in no sense or degree vitiate or impair the instrument. It was only stating the truth, and if the recital had stopped with the word "therefrom," perhaps it might have been urged that the appellant had appealed to some other tribunal than the one he was authorized to appeal to, namely, the county court of the county in which the judgment had been rendered. No objection can reasonably be urged for making that certain, which the law would have presumed in the absence of any fact to the contrary.

The undertaking is to the effect required by the Code, nay, it is even in the words of the Code, except by the addition of the words "on said appeal." This variation is of no importance, in view of the objection we are now considering, and it will be seen hereafter that they in no sense add to or take from the force and effect of the undertaking. The undertaking must therefore be regarded as in conformity with the directions of the statute.

It is contended also on the part of the appellant, that the condition of the undertaking has never been forfeited, as no judgment was rendered in the county court against the appellant therein, Burgett, and consequently there being no judgment in said court against him, no execution could be or had been issued thereon returned unsatisfied, nor was there any allegation in the complaint that any judgment of the Steuben county court remained unsatisfied. The theory of this objection is, that the undertaking only contemplated a liability upon the judgment of the county court, and if that court rendered no judgment against the appellant therein, no liability attached to the surety.

This doctrine was wholly repudiated by the Supreme Court in the case of *Smith* v. *Crouse* (24 Barb., 433). In that case the facts were, the action being upon an undertaking, in all respects like that in this case, except the words "on said appeal" were omitted after the word "appellant:" That the plaintiff therein brought an action in a justices' court against one Frasee, and recovered judgment for $25 damages and costs against him. Frasee appealed to the county court, and in order to procure a stay of execution gave the under-

taking, upon which the action was brought. The county court reversed the justice's judgment with costs, whereupon Smith, the plaintiff, appealed to the General Term of the Supreme Court, which court reversed the judgment of the county court and affirmed that of the justice, and judgment was thereupon duly entered for $107.91, interest, costs and disbursements, which included the judgment of the justice. An execution was issued upon this judgment of the Supreme Court, which was returned wholly unsatisfied, and an action was thereupon commenced upon the undertaking, in which the plaintiff claimed to recover the amount of the judgment of the Supreme Court and interest. The Supreme Court held he was entitled to recover the amount of that judgment on the ground that the undertaking, by fair and legitimate construction, was held to apply to the ultimate judgment which might be rendered. The court pertinently ask, if this restricted liability was intended, why were not the words "in the county court" inserted after "rendered" in the undertaking? The words used in the undertaking are broad enough to include any judgment which might be rendered against Frasee in that action, whether in the county court or this court. The case received the approval of this court, in this case of *Robinson* v. *Plinnton* (25 N. Y., 484), and the principle involved was deemed decisive of the appeal in that action. In the latter case the action was upon an undertaking given upon an appeal from a judgment at Special Term of the Supreme Court to the General Term of that court. The General Term reversed the order of the Special Term, and on appeal to this court, the judgment of the General Term was reversed and that of the Special Term affirmed. Judge ALLEN, in delivering the opinion of this court, said: "In terms, the undertaking does not restrict the liability of the defendants to the contingency of an affirmance of the judgment by the Supreme Court. The condition may as well refer to an affirmance by the judgment of any court to which the cause may go by appeal, or the final decision of the action in the court of last resort. There was no reason for making the undertaking effectual only upon the

first appeal and for the judgment of a court which was not necessarily final; and the statute and the undertaking given in pursuance of it, have respect to the final determination in the court of last resort, or the last court to which the parties may take it by appeal." Judge SELDEN, in his opinion in the same case, says: "The substance of the obligation of the sureties was, that if on the final termination of the appeal the judgment should be affirmed in whole or in part, it should be paid, so far as affirmed, with damages and costs. If the first judgment of the General Term had been against the appellant the defendants would not have been absolutely concluded by it, so long as they had any means of obtaining a contrary judgment either by a direct application to that court or by calling in the aid of a higher court to correct their errors if they had committed any. They were holden to abide the final judgment upon their appeal, and the judgment of the appellate court, produced by the mandate of a higher court, has the same effect as if it had been arrived at without the interposition of such higher court. It is the final judgment upon the original appeal."

These views are decisive of the appeal in the present action, and the judgment appealed from should be affirmed with costs.

All the judges concurring,

Judgment affirmed.

POTTER, J., absent.