## N. Y. COMMON PLEAS.

### ANDREW JOHNSON, and others agt. ABRAHAM ACKERSON, and others.

The act of April 13, 1857, section three, providing for the giving of an *undertaking* on removing a cause from a district court in the city of New York to the court of common pleas, is not *unconstitutional*, on the ground that the legislature have no power to compel the giving of security upon a mere change of forum. This section affects the remedy only, and does not impair the obligation of a contract or take away any vested right. And the right of the legislature to provide for and regulate the practice of the courts, is well settled.

Where it appears from the complaint, that the court has jurisdiction of the subject matter of the action, it is unnecessary to aver that the defendant resides within the jurisdiction of the court, provided he is served with process therein.

Where an undertaking is given in pursuance of a statute, and no *demand* is required by the terms of the instrument, no such averment is necessary in the complaint, in an action upon the undertaking; but if it were necessary the commencement of the action is a sufficient demand.

In a statutory undertaking it is not necessary to express a *consideration* therein—the statute creates the liability.

Where the condition of the undertaking is, "to pay any amount that may be awarded," it is an *original obligation* on the part of the defendant, which becomes absolute when the judgment is awarded.

*Heard Special Term, November,* 1870.

DEMURRER to complaint.

A. H. REAVEY, *for defendants, and demurrer.*

GEORGE E. HORNE, *opposed.*

LARREMORE, J.—The plaintiffs on the 6th of August, 1869, commenced an action in one of the district courts of this city, against the defendant, Ackerson, for a claim exceeding $100. The defendant, after issue joined, and before trial, removed the action into this court, in pursuance of the act

passed April 13th, 1857, and thereupon, executed the under-taking, upon which this action is brought.

The complaint alleges the facts above stated, the execu-tion of said undertaking by the defendants herein, whereby they, in consideration of the sum of $1.00, jointly and sev-erally promise and agree that (they) will pay to the plain-tiffs "*the amount of any judgment that may be awarded against the defendant (Ackerson), by the court of common pleas.*"

The complaint further alleges, the trial of the action, and that judgment in said action was awarded to the plain-tiffs against the defendant, Ackerson, and duly entered in the office of the clerk of this court; that the amount thus awarded has not been paid, and demands judgment therefor.

The defendants demur to said complaint.

*1st.* That it does not contain sufficient facts to constitute any cause of action.

*2d.* That the court has no jurisdiction of the parties or of the subject matter of the action; and other grounds, which will appear in the examination of the case. The third subdivision of section three of the act passed April 13th, 1857, entitled "an act to reduce the several acts relating to the district courts in the city of New York into one act," provides, that in any action commenced in pursu-ance of that section, where the claim or demand shall exceed the sum of $100, upon the application of the *defendant*, the justice shall make an order removing the same at any time after issue joined, and before the trial of the same, into the court of common pleas, upon the defendant executing to the plaintiff an undertaking, with sureties, to be approved by said justice, with the condition hereinbefore stated.

It was urged upon the argument by defendants' counsel, that said section of the act in question, is unconstitutional; that the legislature have no power to compel the giving of security upon a mere change of forum. That there was no consideration to support the undertaking. That no demand

upon, or after recovery is alleged. That it is not averred
that the original action is fully terminated and not appealed
from. And that the plaintiff was bound to exhaust his rem-
edy against the judgment debtor before bringing suit upon
said undertaking.

The right of the legislature to provide for and regulate
the practice in the courts of the state, is too well settled to
require any extended examination of the question. The
section of the statute above referred to, affects the remedy
only, it does not impair the obligation of a contract, or take
away any vested right.

It appears from the complaint, that the court has juris-
diction of the subject matter of the action, and it is unneces-
sary to aver that the defendants reside within the jurisdic-
tion of the court, provided they are served with process
therein. (§ 33, *Code;* 2 *E. D. Smith,* 75 ; 7 *Bosw.,* 685.)

The removal of the action is at the election of the defend-
ant, such removal is not compulsory on his part, but having
exercised his election, the requirements of the statute must
be complied with.

The undertaking in question was given in pursuance of a
statute in the form and in a case prescribed therein, and as
no demand is required by the terms of the instrument, no
such averment is necessary. But if it were necessary, the
commencement of the action is a sufficient demand.
(*Slack* agt. *Heath,* 4 *E. D. Smith,* 95 ; *Hyde* agt. *Patterson,*
1 *Abb.,* 248 ; *Heebner* agt. *Townsend,* 8 *Abb.,* 234.)

There is a consideration expressed in the instrument, but
even if such were not the case, it being a statutory under-
taking, no expressed consideration is necessary to its valid-
ity, the statute creates the liability. (*Slack* agt. *Heath,* 4
*E. D. Smith,* 95 ; *Thompson* agt. *Blanchard,* 3 *N. Y.,* 335 ;
*Doolittle* agt. *Dininny,* 31 *N. Y.,* 350.)

The conditions of the undertaking is " *to pay any amount
that may be awarded,*" and is an original obligation on the
part of defendants, which become absolute, when the

judgment was awarded. (8 *Abb.*, 234; 4 *E. D. Smith*, 95; *Onderdonk* agt. *Emmons*, 2 *Hill*, 504.)

Following the authority of the cases above cited, it is apparent that the demurrer to the complaint in this action, must be overruled, and judgment ordered for the plaintiffs therein, with leave to defendants to serve answer within five days on payment of costs.