Bildersee *v.* Aden.

[First Department, General Term, at New York, April 1, 1872, *Ingraham*, P. J., and *Cardozo*, Justice.]

———————•••———————

## Bildersee *vs.* Aden & Sarner.

No consideration is necessary, to uphold an undertaking given upon a release of an attachment.

The release of the property levied on is a sufficient consideration, if any is necessary; but where an attachment is issued, and an undertaking is given to discharge it, under the provisions of the statute, no consideration is necessary either to be inserted therein, or to be proven on the trial.

For a statutory undertaking no consideration is necessary.

Where the affidavit, on which an attachment is issued, is sufficient to call upon the officer to whom it is presented, to exercise his judgment in granting it, and the subsequent proceedings to set it aside do not raise the jurisdictional question, the bond or undertaking given remains valid, although the attachment is set aside; unless the court expressly orders the undertaking, also, to be canceled.

The party giving an undertaking cannot set up, as matter of defense to an action upon the same, that the grounds on which it was issued were not true. The giving of the undertaking concludes the parties, on that point.

APPEAL, by the plaintiff, from a judgment entered at a special term, dismissing the complaint.

In an action brought in the Supreme Court, by the

present plaintiffs, against one Mrs. Boxius, they obtained
a warrant of attachment, and the sheriff, thereunder, at-
tached the property of Mrs. Boxius. A few days there-
after an undertaking, under section 241 of the Code, exe-
cuted by the present defendants, was given, approved and
filed, and the property released. Subsequently, Mrs. Boxius,
upon counter affidavits, made a motion to vacate the at-
tachment, which motion was granted. The undertaking
previously given was not vacated, however. The plaintiff
proceeded to judgment in that action, which judgment
was entered March 15, 1870, for $340.01. A demand was
thereupon made of the sureties, on the undertaking for
the payment of the judgment, and refused, whereupon the
present action was commenced against said sureties.

The cause came on for trial before his honor Chas. H.
Van Brunt, without a jury, on the 21st of April, 1871,
who found, adjudged and decided, as matters of fact:
That the defendants executed the undertaking mentioned
in, and forming part of, the complaint in this action, and
that the action therein mentioned was then duly pending.
That after executing said undertaking, and before judg-
ment, the warrant of attachment issued in the action
mentioned in said complaint, and in which said undertak-
ing was given, was, on motion upon affidavits, and after
hearing both the plaintiff and defendants thereon, wholly
vacated, set aside, and discharged, and an order to that
effect was duly made and entered therein. That subse-
quent to said attachment being so vacated, and said order
made and entered, the plaintiff recovered judgment against
the defendants in said action, and the same remains un-
paid. That payment of said judgment was demanded
of the defendants before the commencement of this action,
and they did not pay the same. That the plaintiff's claim
herein was for principal $340, and $26 interest, amount-
ing in all to the sum of $366. As a conclusion of law, the
judge found, adjudged and decided, that the defendants

Bildersee *v.* Aden.

were entitled to judgment against the plaintiff for their costs and disbursements, with five per cent on $380 extra allowance, and he directed the complaint to be dismissed.

Judgment of dismissal was entered accordingly in favor of the defendant and against the plaintiff, for the sum of $134.84 costs.

*A. Blumenstiel,* for the appellant.

I. The undertaking provides for the payment of the judgment, if any be rendered, upon demand, without any other contingency. The sureties undertake to pay on demand to the plaintiff " any judgment which may be recovered against the defendants in this action not exceeding the above mentioned sum." This is therefore an absolute undertaking to answer for the debt of another upon the conditions set out in the instrument itself, to wit, there must be a judgment and a demand. It therefore comes within the statute of frauds, and the undertaking cannot be vitiated by any extrinsic evidence, nor can the intention of the guarantors, as expressed, be altered by parol or extrinsic proof. The undertaking did not provide that it should be void in case the attachment be subsequently discharged on motion, and therefore the fact that it was so discharged did not affect our right to recover upon the undertaking. A condition not in the instrument cannot be supplied. (1 *Greenl. on Ev.* §§ 275, 282. 2 *Phil. Ev.* 350. 2 *Stark. Ev.* 544, 548. 18 *John.* 45. 24 *Wend.* 419. 8 *John.* 190. 11 *id.* 201. 2 *Sandf.* 202.)

II. The undertaking, and the statutes under which it was given, are to be construed to sustain the defendants' liability. (4 *Hill,* 384. 20 *Wend.* 561. 7 *N. Y.* 97. 11 *id.* 593, 601.)

III. The undertaking was a voluntary instrument. The defendants were not bound to give it. The Code is not peremptory. The defendants might have relied on their motion, and the remedy for damages on the bond or other-

wise. The defendants might have given the undertaking even had no attachment been issued. (*Coleman* v. *Bean*, 3 *Keyes*, 94. 32 *How. Pr.* 370.)

IV. The discharge under section 241 is a matter distinct in itself, and not affected by any proceeding not falling within the purview of that provision. The motion to discharge might be made after judgment. (15 *Abb. Pr.* 189. *Id.* 97. 24 *How.* 286.) This case was argued on demurrer, and an opinion rendered by judge INGRAHAM in point sustaining the plaintiff's view of this case. (*Bildersee* v. *Aden*, 8 *Abb. Pr., N. S.*, 171 *to* 173.)

V. The attachment was not vacated upon a jurisdictional question. It is conceded that if this attachment had been issued under the non-imprisonment act of 1831, the bond or undertaking would also be void; because the attachment there is original process, and the dismissal thereof ousts the court of jurisdiction. (*Cadwell* v. *Colgate*, 7 *Barb.* 253.) Again, if this attachment had been vacated upon the papers on which it was granted, to wit, upon a question of jurisdiction or insufficiency of the affidavit, then there might be a question whether the undertaking would remain valid, though it is doubtful whether it would be vitiated.

VI. The court cannot supply an omission made by the legislature in enacting a law, even if it clearly appears that the legislature intended to enact the part omitted, provided there is no ambiguity in the law itself. (41 *Barb.* 450. *Drummond* v. *Husson*, 4 *Kern.* 60.) The undertaking, under section 241 of the Code, is clear and unambiguous, and by no stretch of language or construction can this section or the undertaking be made to read that it shall be void if the attachment is vacated. The instrument is clear and absolute on its face, and provides simply for the payment of the judgment—nothing else. The consideration, if any is required, was the release of the goods upon the giving of the undertaking. (31 *N. Y.* 350. 11 *John.* 192. 18

*id.* 47. 20 *Wend.* 562. *Waller* v. *Harris*, 7 *Paige*, 97. 11 *id.* 602.) The judgment should be reversed, and as there is no dispute as to the facts, judgment for the plaintiff should be ordered, with costs.

*H. Fox*, for the respondent.

*By the Court*, INGRAHAM, P. J. The learned judge before whom this action was tried, was in error in holding that any consideration was necessary to uphold an undertaking given on a release of an attachment. The release of the property levied on was a sufficient consideration, if any was necessary; but where the attachment is issued and an undertaking is given to discharge under the provisions of the statute, no consideration is necessary either to be inserted therein, or to be proven on the trial. The statute (*Code*, §§ 240, 241,) provides that on application to discharge the attachment the defendant shall deliver to the court or officer an undertaking, &c. It is a statutory undertaking, for which no consideration is necessary. This has been repeatedly held. In *Thompson* v. *Blanchard*, (3 *N. Y.* 335,) it was held that where a statute required an undertaking to be entered into to give a right of appeal, it was valid, although it did not express a consideration. It was also there said that the statute of frauds only applied to common law agreements, and not to instruments created under special statutes. This case was approved in *Doolittle* v. *Dinny*, (31 *N. Y.* 350,) and *Johnson* v. *Ackerson*, (40 *How. Pr.* 222.)

In *Coleman* v. *Bean*, (32 *How. Pr.* 370,) an undertaking purporting to be issued to discharge an attachment, was held valid, although no such attachment was ever issued.

It is urged for the respondent that the attachment having been set aside, the undertaking fell with it, and ceased to be a valid security. It is settled that if the attachment was improperly issued, and is afterwards set aside on the

Bildersee *v.* Aden.

ground that there was no jurisdiction to sustain it, the undertaking, as well as the attachment, is void. This was the case in *Cadwell* v. *Colgate*, (7 *Barb.* 253,) where the affidavit on which the attachment was issued merely stated the belief of the party, and did not authorize the issuing of the attachment.

In the present case, the affidavit on which the attachment issued was sufficient to call upon the officer to whom it was presented, to exercise his judgment in granting it, and the subsequent proceedings to set it aside did not raise the jurisdictional question. In such cases the rule, I think, is that a bond or undertaking remains valid, although the attachment is subsequently set aside; unless the court expressly orders the undertaking, also, to be canceled. It is only when there is a total want of evidence on some essential point, that the officer fails to acquire jurisdiction. (*Matter of Faulkner*, 4 *Hill*, 598. *Haggart* v. *Morgan*, 5 *N. Y.* 422.)

From the cases above cited, it is apparent that the party giving the undertaking could not set up, as matter of defense to an action upon the same, that the grounds on which it was issued were not true. The giving of the undertaking concludes the parties on that point.

The fact of the setting aside the attachment upon the same grounds does not alter the character of the defense, and unless the court, when the attachment is vacated, makes the same order as to the undertaking, it is left in force, and such a defense cannot be made to it.

Judgment reversed, and new trial ordered; costs to abide the event.

[FIRST DEPARTMENT, GENERAL TERM, at New York, April 1, 1872. *Ingraham* P. J., and *Cardozo*, Justice.]