## New York Marine Court.

*Trial Term—June,* 1881.

CAROLINE    MITTNACHT    *against*    JOHN    B. GSCHWEND, ET AL.

An undertaking given in an action, where there is no statute authorizing the giving of the same, is void, unless the same be founded upon some legal consideration. An undertaking given on removing a cause from one court to another is void, unless there is a statute authorizing such removal and providing for an undertaking thereon.

Trial by the court without a jury.

The record shows that Jacob A. Mittnacht brought suit in the second judicial district court, against John B. Gschwend, to recover the possession of certain personal property valued at $250.

After issue joined and before trial, the defendant in that action, John B. Gschwend, made application to remove said action to the court of common pleas for trial, under the act of April 13, 1857, relating to the district courts.

At the time said act was passed (1857) the district courts did not possess jurisdiction of claim and delivery actions.   This jurisdiction was conferred five years afterwards (*Laws* 1862, ch. 484, § 17), and hence the right of removal furnished by the act of 1857, *supra,* did not extend to this new jurisdiction (Curtis *v.* Besson, 6 *Daly,* 432). The action of Mittnacht *v.* Gschwend was commenced after this decision, and the application to remove was made January 16, 1877, and the undertaking on removal, upon which the present action was

Mittnacht *v.* Gschwend.

commenced, was approved on the same day. The application to remove the action was nevertheless granted, and the action proceeded to judgment in the court of common pleas as by default, the defendant therein not appearing. The present action is brought upon the undertaking on removal, and the question presented is whether, under the circumstances, the sureties thereon are liable.

*J. T. Sweeny* and *C. Fine,* for plaintiff.

*J. L. Hanes* and *A. Cardozo,* for defendants.

McADAM, J.—The question to be determined is, in my judgment, reduced to this—whether the sureties are estopped from setting up the want of jurisdiction in the district court to make the transfer. The authorities hold that a mere recital in a bond cannot be made to operate by way of estoppel, so far as to preclude the obligees from showing that the instrument is void. This rule proceeds upon the ground that avoiding the deed also avoids the estoppel (see Cadwell *v.* Colgate, 7 *Barb.* 256, 257). In Ward *v.* Syme (8 *Leg. Obs.* 100), Judge ULSHOEFFER said : "A bond given without consideration, upon a mistaken step in a court having no jurisdiction of the subject-matter, is void, and cannot be treated as valid by either party, and the total want of consideration and jurisdiction may be shown by the obligors in defense to the action." The subject-matter or consideration of the present undertaking was the transfer of the action from the district court to the court of common pleas, and the jurisdiction of passing upon or deciding the question of removal did not reside in the district court. The justice of the district court had no power to transfer the action to the common pleas for trial ;* and unless it got into that court by the consent of the parties to the record, mani-

---

* The statute has since been amended in this respect.

fested in some form sufficient to confer upon that court jurisdiction over the parties thereto, it is clear that the subsequent action of that court was *coram non judice* and void. The *fiat* of the district court justice added no force whatever to the act of transfer, and his approval of the undertaking imparted to it no life (Alexander *v.* Bennett, 60 *N. Y.* 204). "The whole proceeding being void from the beginning, it is of no moment," said Judge ULSHOEFFER, in Ward *v.* Syme, *supra,* "to consider the subsequent steps in the cause." Judge INGRAHAM was inclined to think that the surety was estopped from making the defense raised in that case, but Judges DALY and ULSHOEFFER decided that the question of estoppel did not apply. The fact that the common pleas proceeded to judgment upon the transfer does not affect the question as to the legal liability of the sureties. The parties might elect to proceed in that tribunal, and might by their appearance conclude themselves from afterwards disputing its jurisdiction, it having jurisdiction over the subject-matter. But this result would not affect the sureties, for if the execution and approval of the undertaking failed to impose any legal liability upon the sureties, the subsequent acts of the parties could not create one. The consent of the defendant in the original action, to transfer the trial thereof to the common pleas, had no greater effect than if he had consented to transfer it to the marine court. These courts had concurrent jurisdiction of the subject-matter involved, and either might, by voluntary consent, have acquired jurisdiction over the parties to the action transferred, so far as to make their judgment conclusive as to the parties to the record. But it seems clear that, if the undertaking sued upon had been given upon such a transfer to the marine court, that it would have been void as to the sureties, and that they might have successfully defended any action brought upon it,

and yet I have failed to discover any practical difference in principle between the case suggested and the one on trial.

The undertaking, not having any statute to sustain it, is a nullity (Doolittle v. Deninny, 31 *N. Y.* 350; Thompson v. Blanchard, 3 *Id.* 335; Post v. Doremus, 60 *Id.* 371; Van Loon v. Lyons, 61 *Id.* 22). It may justly be called an extra-judicial instrument, and on that account open to all the objections suggested by Bronson, Ch. J., in his dissenting opinion in Thompson v. Blanchard, *supra*. These objections in that case were held not to apply because the undertaking there considered was valid by force of an express statute. In the present case, that controlling feature is wanting, and the reasoning of Bronson, Ch. J., applies. The undertaking sued upon never had any legal efficacy, and I cannot declare it to be a binding obligation.

It follows, therefore, that there must be judgment for the defendants.