In the Matter of the Final Judicial Settlement of the Accounts of Edward T. Mulligan, Administrator.

*(Surrogate's Court, Herkimer County, Filed March 6, 1893.)*

1. EXECUTORS AND ADMINISTRATORS—INVENTORY—PROPERTY SET APART FOR WIDOW.

The provision of chapter 406, Laws 1889, directing appraisers to set apart additional personal property to the widow in case her interest in the real estate of the decedent in addition to her dower right and personalty to the amount of $150 is of less value than $1,000, is not limited to a case where the decedent leaves real estate. A case where the interest of the widow in the real estate of her deceased husband is nothing because of want of value and a case where her interest is nothing for want of real estate are both cases within the meaning of the act.

2. SAME—CONSTITUTIONAL LAW.

Chapter 406, Laws 1889, is not unconstitutional as impairing the obligation of contracts made prior to its passage.

On the 9th day of February, 1890, Thomas Mulligan, a resident of of the town of Winfield, in this county, died at said town intestate, leaving a widow, Bridget Mulligan, and three sons, Edward T. Mulligan, James H. Mulligan and William C. Mulligan. At the time of his death the intestate was the owner of and in possession of both real and personal property. On February 24, 1890, Edward T. Mulligan received letters of administration upon the estate of the decedent, and upon the same day, upon the application of the administrator, appraisers were duly appointed to aid the administrator in making an inventory of the personal property of the decedent. On March 8, 1890, the administrator filed his inventory, by which it appeared that the appraisers set apart for the widow of the decedent the articles required to be set apart without appraisal, also furniture to the amount of $68.53, also other personal property to the amount of $150.

The appraisers also further returned as follows: "We do inventory and appraise the interest of the widow, Bridget Mul-

ligan, in the real estate of her deceased husband, Thomas Mulligan, in addition to her dower right therein, to be of no value and worthless, and we do, therefore, in compliance and conformity with chapter 406 of the Laws of 1889, inventory and set apart for the use of such widow, Bridget Mulligan, the following described personal property," then follows a list of personal property, the value of which as appraised amounted to $467.95. The appraisers also returned in the inventory that no other personal property was exhibited to them, and that they believed there was none. Thereafter the administrator filed his account in this court, in which he alleges that he caused an inventory to be made and filed and that the appraisers had set apart to the widow of the deceased all the personal property, and that nothing had come into his hands as administrator. The account also contains a list of the creditors and the amount of their respective claims against the estate which are unpaid. In this list is A. Curtis Day, whose claim appears to be $2,400.00. Upon the accounting Mr. Day appeared and filed objections to the account, and asked that the administrator be charged with the sum of $467.95, which the appraisers set apart to the widow. It was proved or conceded on the hearing that on March 1, 1889, Day and wife conveyed to Mulligan, the intestate, a farm of about 108 acres, situated in Herkimer county, which Mulligan owned and occupied at the time of his death, also that Day's claim as creditor was mainly upon a bond given by Mulligan to pay the purchase price of the farm, and was dated March 1, 1889. The inventory made by the administrator, by the aid of the appraisers, was also put in evidence.

Steele & Prescott, for administrator; Root & Jones, for creditor Day.

SHELDON, S.—The administrator claims that the sum of $467.95, which was set apart to the widow, in addition to the other articles and sums allowed her, was properly set apart to her by virtue of that provision of chapter 406 of Laws of 1889,

which reads as follows: "And in case the interest of a widow in the real estate of a deceased husband, in addition to her dower right and together with said one hundred and fifty dollars, shall be of less value than one thousand dollars, then said appraisers shall set apart for the use of such widow, or for the use of such widow or child and children, in the manner hereinbefore prescribed, personal property which, together with said real estate, shall amount to one thousand dollars in value. Said appraisers are authorized to make an appraisal of the real estate to which the widow may be entitled for the purposes of this section. The provisions of this section shall apply where a man dies intestate, as well as where he leaves a last will and testament." The creditor objecting to the allowance to the widow claims that upon reading the first section of the act in connection with the provisions above quoted, a construction of the act must follow which forbids an allowance of personalty additional to that formerly set apart to the widow except in those cases where the widow has and takes an interest of some value in the real estate of her deceased husband.

In support of this contention the decision of Surrogate Ransom, in Matter of Estate of William Koch, 31 St. Rep. 963, is cited. In that case the learned surrogate held that the additional provision of personal property for the widow could be availed of only in a case where the deceased husband was the owner of real estate at the time of his death.

The opinion of the learned surrogate is entitled to great respect, but I am constrained to think that his view of the statute is a mistaken one. Doubtless a literal reading of the act upholds the position above stated, and upon such a narrow and critical construction it might be urged with nearly as much plausibility that section 30, added by this act to chapter 2 of part 2 of the Revised Statutes fails in its purpose to give the widow an additional portion of the real estate of her deceased husband because it provides that the "widow, in addition to any interest to which she may be entitled under the preceding sections of said chapter two, shall be entitled to the use for life

of an additional portion of the estate," when a reference to the preceding sections of chapter 2 discloses that the widow of an intestate does not become entitled to any interest, whatever, in the real estate of her deceased husband by virtue of those provisions; the provision for dower, which was doubtless intended, being contained in chapter first instead of chapter second. But the statute is plainly an enlargement of the humane provisions of the law in favor of the widow and the orphan, and must be liberally construed to accomplish, if possible, its purpose. Stewart v. Brown, 37 N. Y. 350; Chamberlain v. Darrow, 46 Hun, 48, 11 St. Rep. 100; Wilcox v. Hawley, 31 N. Y. 648.

Another rule of construction is that every provision of the act must, if possible, be given a meaning which permits it to take effect in accomplishing the general purpose instead of a meaning which makes the provision itself void or one which destroys or impairs the general purpose. And the various provisions must be construed, if possible, so that they may become parts of one harmonious whole. Having in view, then, the purpose of the act, it is clear that the provision in section 1, that "such widow, in addition to any interest to which she may be entitled * * * shall be entitled to the use, during her life, of an additional portion of the estate, not exceeding $1,000 in value," means and should be read, "in addition to her dower right * * * shall be entitled to an additional portion of the estate besides her dower, etc." The words "in addition to" occur twice in section 2 of this act, and once in section 1, and I think must be taken as the equivalent in meaning of *besides* in each instance of its use. It is evident, therefore, that the legislative intent was to make an additional provision for the widow, a provision *besides* the former ones, a provision which should not fail in any case, except for want of property out of which it could be made. It is true that, as to the kind of property from which such provision was to be set apart, real property is preferred, but there is a careful direction given to supply the want of real property to the extent of the deficiency with personal. It might happen that, in a case where a deceased husband de-

vised real estate to his widow, that her interest in the real estate of her deceased husband, over and above her dower, would be of greater value than $850, and the widow would take no additional personal property by virtue of this act. In another case it might be that the real estate devised to the widow would be of no greater value than her dower right and be in lieu of dower, and then the entire additional provision of $850 would be set apart from the personal to make up the required $1,000, and this without regard to whether the dower or devise was of great or little value.

Can it be supposed, then, that in a case where the value of the dower is nominal, or in a case where there is no real estate to which the right of dower might attach, that it was the intention of the act that no additional provision of personal property should be made? A case where the interest of the widow in the real estate of her deceased husband is nothing because of want of value, and a case where the interest therein is nothing for want of real estate, are both, in my opinion, cases within the meaning of this act where such interest, together with said $150, is of less value than $1,000, and the appraisers are authorized and required to set apart additional personal property to the amount of $850, if there is personal property to that amount, and if its value is less, then all the personal should be set apart, as was done in this case.

The further claim is made by the contesting creditor that inasmuch as the contract by virtue of which this claim of indebtedness accrued was made before the passage of the act in question, that the parties intended that this personal property should be available for the satisfaction of the debt and that the legislature cannot pass an act nullifying the intention of the parties manifested in their contracts.

This claim, if anything, is that the act is unconstitutional, because it impairs the obligation of a contract.

The act in question is, in express terms, an amendment of "An act to extend the exemption of household furniture and

working tools from distress for rent and sale under execution as amended." The amendment is in no way different from the original act except that it extends and enlarges the exemption.

The claim that the original act was unconstitutional because it impaired the obligation of contracts made prior to its passage was passed upon in the Court of Appeals in the decision of the case of Morse v. Goold, 11 N. Y. 282, where the court held that the act affected the remedy, and not the contract, and was not unconstitutional. This act differs only in the extent of the exemption, and I think the reasons which led to the decision of that case apply with equal force to the case in hand and require a like decision.

The objections to the account of the administrator are not sustained.