## THOMPSON *vs*. BLANCHARD.

Under the statute of frauds, which required the "agreement" to be in writing, it was necessary that the consideration should be expressed in the instrument, and this was so held upon the force of the word "agreement."

But a mere undertaking or promise does not, *ex vi termini*, import a consideration; and therefore where a statute requires an "undertaking" to be entered into by sureties in order to give a right of appeal, an instrument containing the requisite stipulations is valid, although it does not express a consideration and is not under seal.

At the common law, the consideration of a promise or undertaking may be proved by parol.

The statute of frauds requiring the agreement and consideration to be in writing, applies, it seems, only to common law agreements where the consideration is the subject of mutual arrangement between the parties, and not to instruments created under and deriving their obligation from special statutes, without the acceptance or assent of the party for whose ultimate benefit they are given.

S. STEVENS, for the respondent, Thompson, moved to dismiss the appeal, on the ground that there was no valid undertaking. Three sureties had executed an instrument under § 335 of the

code, without seals, as follows : " In Supreme Court.    Isaac W,
Thompson v. Leonard Blanchard, impleaded with Russell C.
Wheeler.    Whereas the above named Leonard Blanchard has
appealed to the court of appeals from the judgment in this court
entered against him and in favor of the above named plaintiff
for $930 damages besides costs, which costs do not exceed the
sum of $200, making in all $1130 : Now therefore we the un-
dersigned do undertake that the said appellant will pay all costs
and damages which may be awarded against him on the said
appeal not exceeding the sum of $250, and if the judgment ap-
pealed from or any part thereof be affirmed, the said appellant
will pay the amount directed to be paid by the said judgment,
or the part of said amount as to which the said judgment shall
be affirmed if it be affirmed only in part, and all damages which
shall be awarded against the said appellant upon such appeal.
Dated Oct. 3, 1849.    (Signed) Henry E. Blanchard, George
Young, Jr. C. F. Mulford."    The counsel said the instrument
was void for the want of a consideration, and under the statute
of frauds.

*N. Hill, Jr.* for the appellant, opposed the motion.    He also
produced the written consent of the parties, and asked leave to
amend, if the court should think the undertaking defective.

GARDINER, J.    The undertaking of the appellant in this
case was drawn with reference to, and is in precise conformity
with the requirements of § 335 of the code.    In this we all agree
It is a necessary implication from the statute, that an underta-
king thus executed shall be effectual to sustain an appeal and
an action in behalf of the appellee, if the judgment appealed
should be affirmed in whole or in part.    The legislature, how-
ever, have not left the matter to implication.    They have
enacted that " when an appeal shall be perfected as provided by
the 335th section, it shall stay all proceedings in the court be-
low upon the judgment appealed from, or the matter embraced
therein."    (§ 339.)

It is objected notwithstanding that the instrument is *nudum*

*pactum,* not because there is no consideration in fact, but because none is expressed in the writing. The answer is, that the statute required an undertaking in writing with certain prescribed stipulations, and nothing else. An undertaking is a promise. (*Bouv. L. Dict.*) It may be made with or without consideration. If the promise was in writing, the consideration need not be expressed, it might be proved in all cases by parol. The common law was satisfied if there was a consideration in fact to sustain the undertaking. Neither before nor since the statute of frauds, has it ever been held that an undertaking, or promise, *ex vi termini,* imports a consideration. In *Wain* v. *Warlters,* (8 *East,* 10,) under the English statute of frauds, it was for the first time decided that the word *agreement* implied a consideration. But that case proceeded upon the distinction between an agreement and an undertaking. Lord Ellenborough stated the question to be, whether " agreement, in the statute, was synonymous with promise or undertaking, or signified a mutual contract upon consideration." And all the judges concurred in saying, that had the statute required only that the *promise* should be in writing, instead of the agreement in respect to which the promise was made, their opinion would have been different.

The legislature, in the section referred to, have said that an undertaking, to the effect prescribed, shall be effectual. We have no authority to add other conditions. If it be said that such an instrument would not be obligatory by the statute of frauds, the very obvious answer is, that the legislature of 1848 had the same power to restore the common law, as to this class of securities, that their predecessors had to abolish it. 2d. The undertaking prescribed by the 335th section is a statute security and not a common law agreement. Agreements which derive their obligation from the common law, and no others, are enumerated in our statute, and required to be made in writing, expressing a consideration. (2 *R. S.* 136.) The objection I am considering assumes that the undertaking in question falls within one of the classes of *agreements* there specified. It has however been generally supposed, that the assent of more than one

party was essential to the validity of an agreement at common law. Lord Ellenborough calls it a mutual contract upon consideration. The consideration being one element of the agreement, must of course be the subject of arrangement between the parties, before it can be expressed in writing. Accordingly where a contract has been executed by both parties, evidence is required in addition, of delivery and acceptance, or something equivalent, in order to show their assent to it as a perfected instrument, mutually obligatory upon them. The necessity for this, when is is executed by one of the parties only, is apparent. Now the undertaking in question was properly prepared, executed, and filed with the clerk, by the appellant, without any communication or arrangement with the appellee. (§§ 343, 340.) The assent of the latter was not necessary to the creation of the obligation, nor would his dissent defeat, or in the slightest degree modify its effect upon his own, or the rights of the other party. And so we have in effect decided, in a case between these parties. (2 *Comst.* 562.) The only consideration that can be imagined, for the undertaking of the defendant and his sureties, is the stay of proceedings upon, and the right to review the judgment obtained by the plaintiff. But this delay and privilege is the act of the law, against the wishes and in spite of the opposition of the respondent. What possible application, therefore, has the statute designed to prevent frauds and perjuries in reference to common law contracts, to an undertaking, the contents and legal effect of which are written on the face of the statute ? What fraud is to be suppressed, or perjury avoided, by making this appellant certify, under his signature, to a consideration which, if it exist at all, did not arise from the agreement of parties, but from a law which this court, and all others, are bound judicially to notice ? At most it would be but cumulative evidence of the provisions of a statute.

We think, for the reasons assigned, the undertaking sufficient and the appeal well brought.

BRONSON, Ch. J. (Dissenting.) There can not be a valid contract without a *quid pro quo*, or sufficient legal considera-

tion. (*Co. Litt.* 47, *b* ; *Dyer*, 336, *b* ; *Plowd. Com.* 308 ; *Com. Dig. Agreement, B,* 2.) Some instruments import a consideration, as bills of exchange, promissory notes, and writings under seal ; and in suing upon them it is not necessary to aver or prove a consideration. But in suing upon other promises and engagements, whether written or verbal, it is necessary to aver and prove a consideration, unless one is expressed on the face of the instrument. There is one case which favors the notion that a promise without a consideration may be good, if it be in writing. (*Pillans* v. *Van Mierop,* 3 *Burr.* 1663.) But that case was long since overruled, both here and in England. (*Sears* v. *Brink,* 3 *John.* 210 ; *Rann* v. *Hughes,* 7 *Bro. P. C.* 550; 7 *T. R.* 346, *note, S. C.*) Mere words of promise, undertaking or agreement, whether written or verbal, do not make a contract, unless there be a consideration.

The instrument in question is not a specialty, nor is it a bill of exchange, or promissory note, which imply a consideration ; and no consideration whatever is expressed, There is not even an attempt to express one. The persons who sign the instrument are sureties for Blanchard : they begin by reciting that he has appealed from a certain judgment, and then say, " now therefore we do undertake that he will pay," &c. No reason is given, nor motive assigned for making the promise. It would have been just as well if they had said, " whereas Blanchard owes a certain debt ; now therefore we do undertake that he will pay it." Indeed, the two cases are identical, except that in this case there will be no debt to be paid if the judgment shall be reversed.

Formerly the security required of a party prosecuting an appeal or a writ of error was a bond, and nothing else would answer the purpose : but now the security may be any " written undertaking ;" (*Code,* § 334—343 ;) which includes every form of valid written contract. The statute speaks only of an " undertaking," without either prescribing its form, or declaring what shall be a good one. Those things are left to be settled by general principles. Clearly there must be a valid contract—one which can be enforced against the parties to it ; and a promise with-

out a consideration is not such a contract—it is no contract at all.

There must be an undertaking to do certain specified things: those things are mentioned in this writing; and in that respect there has been a full compliance with the statute. But there is no valid promise or agreement to do those things, or to do any thing else. The sureties say, "we undertake;" but that is not enough without a consideration. The writing conforms to the code so far as relates to the things to be done; but it is utterly defective for the want of an "undertaking" to do those things.

There is evidently nothing in the argument that this is good as a statute security. The statute does not say that the word "undertake," without a consideration, shall make a binding contract; and the common law says it shall not.

There is not only a failure to express a consideration, but there is no consideration in point of fact. When an appeal is duly perfected, proceedings on the judgment in the court below are stayed, and the appellant has a review. (§ 339.) But without a proper undertaking, an appeal is not effectual for any purpose. (§ 334.) And as there is not a good undertaking, there is neither stay of proceedings, nor a review. It follows, that there is neither benefit to the appellant, nor damage to the respondent; and therefore nothing which can be called a consideration. To say that there is a stay and a review, and therefore a consideration, is plainly begging the question. Without a *quid pro quo* there is no undertaking; and without an undertaking there is neither stay nor review. And as nothing is either gained by one party or lost by the other, there clearly is no consideration.

If there was in fact a consideration, it would be a fatal objection that it is not expressed in the instrument. This is a promise by sureties to answer for the debt or default of another person; and by the very terms of the statute of frauds the consideration must be expressed in the writing. (2 *R. S.* 135, § 2.) The case is none the less within this statute because the party is required by law to find sureties. The code says nothing about repealing the statute of frauds, or excepting this case out of its operation;

nor does it make any change in the law of contracts. It does not say that a promise by a surety shall be good without expressing a consideration, nor does it say any thing else which is in the slightest degree inconsistent with the statute of frauds. There is therefore no color for the argument that one statute has been repealed, or in any way affected by the other. The code requires an undertaking with sureties, but without giving a form, or saying what shall be a good one. Those things are left to the influence of the previously existing laws. The common law says there must be a consideration; and the statute of frauds adds, that the consideration must be expressed in the writing. This instrument is condemned by both of those laws.

It was an easy thing to make a valid instrument. The addition of seals, or the acknowledgment of a consideration, however small, received from the respondent, would have answered the purpose. Whether the law is wise either in requiring a consideration, or in allowing the objection to be so easily obviated, are questions with which I have no concern.

Unless the appellant amends in pursuance of the code, (§.327,) I am of opinion that the motion should be granted.

Motion denied.