DREAD SMITH *vs.* EDWIN R. BROWN.

The act of 22d of January, 1841, (Hutch. Co. 917, art. 17,) to exempt from sale certain property therein mentioned, only applies to contracts made after its passage. *Held*, that a delivery bond cannot be regarded as a contract in contemplation of that statute.

That statute had reference to a contract made between the parties upon which judicial proceedings shall be or had been instituted, and not to the legal steps or process which might be allowed the defendant in the course of suit.

IN error from the circuit court of Copiah county; Hon. Wiley P. Harris, judge.

Edwin R. Brown sued Dread Smith in an action of ejectment in the circuit court of Copiah county for certain land, and

Smith answered denying Brown's right to the possession there-of, and also denying that he, defendant, held possession thereof, but asserting that said land was held and possessed by one Mary Smith. Plaintiff replied, taking issue on said answer. A verdict and judgment were rendered for plaintiff. Defendant filed his bill of exceptions, which sets out the evidence as follows briefly : —

Plaintiff read a deed from the sheriff of Copiah county to him, dated 17th August, 1846, for said land sold under execution against said plaintiff in error; also read in evidence the proceedings and judgment on which said execution issued. Judgment dated 4th May, 1840. Plaintiff next introduced J. M. Stagg, who testified that defendant was in possession of the land named in the complaint, at the date of the service of the summons; he and his family having resided thereon since 16th July, 1846 ; that there were forty acres cleared land, a dwelling, and outhouses; that the cleared land was worth, for rent, two dollars per acre, he had paid defendant Smith that for a portion of it; that the farm was worth $600 cash; that defendant Smith had that year cleared about eight acres of the land; witness does not know what it was worth to clear it. Plaintiff rested his case there. The defendant, Smith, introduced J. M. Smith; testified that the land in controversy had been in the possession of Mary Ann Smith, wife of the defendant, since the year 1840 ; defendant lived there with her, having no place of his own; that defendant owned no other land than the one hundred and sixty acres in controversy, since 22d January, 1841, nor indeed since 1833; that since 1841, defendant has been the head of a family; that said land is not the site of any town. Defendant lived there in 1845 and 1846, and when the summons was served, that his family lived in the same house. The defendant there rested his case.

The plaintiff asked the court to instruct the jury that —

1. If they believed from the evidence that the contract on which the judgment was founded was entered into since the 22d day of January, 1841, they must, so far as that question is concerned, find for the plaintiff; that if the defendant was in possession of said land at the date of the sale, and at the date of

the service of the summons in this case, they will find for the plaintiff, which instructions were granted.

The defendant asked the following instruction, which was also granted: —

That if the plaintiff does not prove that the defendant was in possession of the premises at the time of the service of the summons, they must find for the defendant.

The following was refused, namely, " That a twelve months' delivery bond is a contract, and carries an exemption to a head of a family, of one hundred and sixty acres of land, if entered into since the exemption act of January 22, 1841."

A motion for a new trial was made and overruled, to which exceptions were taken by Smith.

*B. King*, for appellant.

*D. C. Glenn*, for appellee.

I can see no error in the proceedings of the court below. The plaintiff then being a purchaser at an execution sale under a judgment against the defendant in execution, was not bound to prove the title of the latter at the time of the sale. *Robinson* v. *Parker*, 3 S. & M. 114.

In such case it was only necessary for the plaintiff to introduce the judgment and the process upon it, under which the property was sold, the intermediate executions need not be introduced. 9 S. & M. 387; 12 Ib. 117.

The two instructions asked by the plaintiff below are unobjectionable. The one refused the defendant clearly states what is not law, and was properly refused by the court. The first execution which issued was levied on personal property ; the benefit of the valuation law was invoked; the property failed to bring two thirds of its appraised value ; was not sold, and the defendant thereupon gave a delivery bond, which was subsequently forfeited; a *fi. fa.* on bond was issued, and levied on the land in controversy. The defendant was in possession at the date of the original judgment sale, and service of the writ, in the action of ejectment; there was never any change of possession, although one of the witnesses says his wife was in pos-

session, and that he only lived there to be with her, and because he had no other place to live.

It is too clear, however, for argument, that no error was committed, and that the judgment should be affirmed.

Mr. Justice HANDY delivered the opinion of the court.

A judgment was rendered in the year 1840 against the plaintiff in error, on which execution was issued, and in April, 1841, was levied on certain personal property of the defendant, who thereupon executed a delivery bond, conditioned to deliver the property to the sheriff at the May term, 1842, in virtue of the provisions of the statute of 21st February, 1840, (Hutch. Code, 915). This bond was returned forfeited, and an execution issued thereon in pursuance of the statute under which the lands of the plaintiff in error, the defendant in the execution, were sold at sheriff's sale, and purchased by the defendant in error. And this action was brought to recover possession of the lands.

The only question presented here is, whether the lands are exempt from execution under the statute of 22d January, 1841, the delivery bond upon the forfeiture of which the execution issued being executed after the passage of that act.

We think it clear that the lands were not exempt from the execution.

In the first place, the exemption only prevails as to contracts made after the passage of the act, and the contract on which the judgment in question was rendered was made before the passage of the act. The delivery bond cannot be regarded as the contract contemplated by the statute. It is mere process provided by the statute as a means of having execution of the judgment, and at the same time of giving indulgence to the defendant; and as such, it was under the power of the court, and liable to be quashed as process of the court. The statute had reference to a contract made between the parties, upon which judicial proceedings should be or had been instituted, and not to the legal steps or process which might be allowed the defendant in the course of suit, judgment and execution to enforce that contract.

Secondly. The statute of January 22, 1841, did not go into operation until the 1st day of July, 1841, and the delivery bond was executed in April preceding. If it could in any respect be considered a contract, it could not be embraced in the statute, because it would be governed by the law in force at the time of its execution.

The judgment is affirmed.