## J. C. SCONCE, Appellant, v. GEORGE SURMEYER LUMBER COMPANY et al.

### Division One, June 2, 1914.

1. **CONTRACTS: Interpretation.** Courts ascertain the meaning of a contract from all of its provisions, and not from single words, phrases or sentences, and when the intention of the contracting parties is thus ascertained, that intention will be effectuated, unless it violates some inexorable rule of law.

2. ———: ———: **General Intention: Particular Provisions.** Particular words and clauses in a contract take precedence of general ones which they restrict and limit, when that appears from the whole instrument to be the intention of the parties.

3. ———: ———: ———: ———: **This Case.** Plaintiff gave a note and a deed of trust to defendant to secure the repayment of money advanced by defendant to further the performance of a contract between them. Plaintiff sued defendant for damages for breach of the contract and thereupon the parties entered into a new contract which, although it was agreed therein that all prior contracts between the parties were annulled, provided expressly for a mode of payment and discharge of the note and deed of trust mentioned above. *Held*, that the last mentioned provision of the contract prevails, and the note and deed of trust were not annulled by the general provision.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*G. S. Sizemore* and *Orchard & Cunningham* for appellant.

The contract made and entered into between plaintiff and defendant on January 8, 1909, fully and completely abrogated the first contract and canceled all and singular each and every liability of either party whether based on oral or written contracts or obligations, and the note and deed of trust being a part of the first contract and having been entered into prior to January 8, 1909, was also settled, abrogated, annulled, canceled and set aside.   It is the province of the court to construe the contract and give force and effect to the intention of the parties, as in said contract contained.   This proposition is fully discussed by this court and decided in the case of Buxton v. Kroeger, 219 Mo. 245, and cases therein cited.   And when the court does this in this case it must necessarily find that the note and deed of trust was canceled.

*Ed. J. Shuck* and *Jeffries & Corum* for respondents.

(1)   Courts construe contracts and ascertain the intention of the parties by an examination of all of the provisions of the contract; and not by interpreting the meaning of single phrases or sentences.   Meyer v. Christopher, 176 Mo. 594; Donovan v. Boeck, 217 Mo. 87; Buxton v. Kroeger, 219 Mo. 245.   (2)   In the construction of contracts words which are not technical must be given their ordinary and usual meaning. Liggett v. Bank, 233 Mo. 601; Goode v. St. Louis, 113 Mo. 271; Johnson v. D lrymple, 140 Mo. App. 241. (3)   If a contract is am iguous or obscure the practical construction placed on it by the parties themselves will be considered by the courts.   St. Louis v. Railroad, 228 Mo. 712; Welch v. Mischke, 154 Mo. App. 728; Comstock v. Flour, 109 Mo. App. 275.

BROWN, C.—Suit begun September 14, 1909, by petition stating that on March 8, 1907, plaintiff entered into a contract with defendant corporation to cut and saw the timber on section 35, township 30, range 2, west, in Shannon county, and to let the defendant have the entire output at prices stated in a letter referred to; and that defendant advanced plaintiff on said contract eleven hundred dollars, to secure the payment of which plaintiff made his note to defendant for said sum, with J. W. Sconce and George P. Davis as sureties, and further secured by deed of trust of said date on the west half of said section.   It proceeds as follows:

"That in pursuance of the contract with said corporation the plaintiff entered upon the performance thereof on his part, and did cut and manufacture many thousands of feet of lumber under said contract as per instructions from said corporation: that said corporation failed, refused and neglected to carry out said contract on its part and that this plaintiff instituted two suits in the circuit court of Shannon County, Missouri, against said corporation for the breaches of said contract on its part.

"And while said causes were pending and on the 8th day of January, 1909, this plaintiff and George Surmeyer Lumber Company made and entered into another and different contract which changed all the terms and conditions of the first contract and by its terms abrogated and annulled the former contract, whether written or verbal.

"Wherefore, plaintiff avers that all contracts and agreements either oral or written, heretofore entered into between the said parties were by this contract abrogated, annulled and set aside so that neither party to the last contract can have or claim any right or demand of any kind whatsoever against the other under any contract entered into between them prior to the date of the contract of January 8, 1909, and that

all differences were then and there settled and merged in said last above-described contract.

"Plaintiff avers that the note and deed of trust above described were by said last above-described contract annulled and for naught held and are of no binding force or effect against the plaintiff or his securities or the land described in the deed of trust."

It further states that notwithstanding the note and deed of trust had been so cancelled, the defendant Galbraith, as trustee, had advertised and was proceeding to sell the land under the deed of trust and asks for temporary and permanent injunctions restraining him from doing so.

The answer substantially admits all the facts stated in the petition but denies that the contract of January 8, 1909, abrogated, set aside or annulled the notes and deed of trust. An injunction was granted *pendente lite* which was dissolved upon final hearing and petition dismissed. As, under the pleadings, the case turns solely upon the question as to whether or not the contract of January 8, 1909, annulled the note made March 8, 1907, we set it out, omitting only formal parts, as follows:

"This contract, witnesseth that whereas, John C. Sconce has filed suit in the Circuit Court of Shannon County, Missouri, against the George Surmeyer Lumber Company, upon a certain contract dated at St. Louis, Missouri, March 7, 1907, which contract was executed by the said J. C. Sconce and brother on one part, and by the said Lumber Company on the other part, and

"Whereas, the said J. C. Sconce has also filed suit against said Lumber Company in said Shannon County, upon an alleged contract entered into between the said J. C. Sconce and said Lumber Company, and

"Whereas, the said J. C. Sconce alleges in the first of said suits that he has sustained damages in the sum of five thousand dollars, and in the second suit that he

has been damaged in the sum of two thousand dollars, and

"Whereas, it is the desire of the said J. C. Sconce, and his brother, and the said Lumber Company, to amicably settle and adjust said suits, and to adjust and settle all questions, rights and liabilities growing out of the contracts aforesaid.

"It is therefore agreed, that the said Lumber Company is to purchase from the said J. C. Sconce, and brother, one hundred thousand feet of oak and pine lumber of standard widths and standard lengths, culls to be excluded, for the price of ten dollars per M ft. f. o. b. cars at Dagonia, Missouri, and the said Lumber Company is to purchase from the said J. C. Sconce, and brother, seventy-five thousand feet of oak and pine lumber, of standard widths and 10 to 20 feet long, culls to be excluded, for the price of twelve dollars per M ft. f. o. b. cars at Chicopee, Missouri.

"It is further agreed in consideration of the fact that the said Lumber Company now holds and owns the note of the said J. C. Sconce, George P. Davis and J. W. Sconce for eleven hundred dollars, dated March 6, 1907, on which there has been paid the sum of two hundred eighty-six and fifty-seven one-hundredths dollars and in consideration of the further fact that the said Lumber Company has this day paid the said J. C. Sconce and Bro. one hundred and eighty-six and fifty-seven one-hundredths dollars the receipt of which is hereby acknowledged, that the said J. C. Sconce and Bro. shall deliver to the said Lumber Company f. o. b. cars Dagonia, Missouri, the said one hundred thousand feet of lumber, and that when the same is received by said Lumber Company, it shall deliver the note above described to the said J. C. Sconce & Bro., together with the deed of trust securing the same, which, together with the said sum of one hundred eighty-six and fifty-seven one-hundredths dollars are to be received and accepted by the said J. C. Sconce & Bro. in full payment

of the purchase price of the said one hundred thousand feet of lumber.

"It is understood that the said J. C. Sconce & Bro. shall use their earnest endeavor to load and ship all of the described lumber within a reasonable time from this date, and that in any event he will have all of said lumber loaded and shipped not later than July 1, 1909.

"Now, therefore, in consideration of this agreement, and in consideration of the further sum of five hundred dollars, this day in hand paid by the said Lumber Company to the said J. C. Sconce & Brother, the receipt whereof is hereby acknowledged, it is hereby understood and agreed that all contracts and agreements, either oral or written, heretofore entered into between the parties hereto, and whether declared on in the above-mentioned suits or not, are hereby abrogated, annulled, and set aside, so that neither party to this agreement can have or claim any right or demand of any kind whatsoever against the other, under any contract entered into between them prior to this date.

"It being the intention of the parties hereto to settle all difference and questions which have arisen, or might arise, by virtue of any pre-existing contract or contracts heretofore made between them."

The only question presented for determination is the construction of the following clause in the contract set out in the foregoing statement: "In consideration of this agreement, and in consideration of the further sum of five hundred dollars, this day in hand paid by the said Lumber Company to the said J. C. Sconce & Bro., the receipt whereof is hereby acknowledged, it is hereby understood and agreed that all contracts and agreements, either oral or written, heretofore entered into between the parties hereto, and whether declared on in the above-mentioned suits or not, are hereby abrogated, annulled, and set aside, so that neither party to this agreement can have or claim any

**Contracts: Interpretation: Particular Provisions.**

right or demand of any kind whatsoever against the other, under any contract entered into between them prior to this date. It being the intention of the parties hereto to settle all difference and questions which have arisen, or might arise, by virtue of any pre-existing contract or contracts heretofore made between them."

In this construction we must be guided by a maxim as old as the law of contracts itself and which was expressed by Judge LAMM for this court in Buxton v. Kroeger, 219 Mo. l. c. 246, as follows: "Courts construe contracts and ascertain their meaning from all of the provisions of the contract and not from single words or phrases or sentences, and when the intention of the contracting parties is thus ascertained, that intention will be effectuated, unless it violates some inexorable rule of law." And in the same case, commenting on Utter v. Sidman, 170 Mo. 284, he said that "the doctrine of that case is, in a nutshell, that the old cast-iron general rule, that, if there be repugnancy, the first words in a deed and the last words in a will shall prevail, no longer obtains in Missouri." The latter rule is applicable to all contracts as well as to deeds and wills. The same idea is tersely and forcibly expressed by the Supreme Court of Nebraska in People ex rel. v. Gosper, 3 Neb. 285, as follows: "The whole contract should be considered in determining the meaning of any of its parts." With this rule in view we find that this contract provides particularly for the very note here in question, by specifying that "J. C. Sconce & Bro. shall deliver to the said Lumber Company f. o. b. cars Dagonia, Missouri, the said one hundred thousand feet of lumber, and that when the same is received by said Lumber Company, it shall deliver the note above described to the said J. C. Sconce & Bro., together with the deed of trust securing the same, which, together with the said sum of one hundred eighty-six and fifty-seven one hundredths dollars are to be received and accepted by the said J. C. Sconce & Bro. in full payment

of the purchase price of the said one hundred thousand feet of lumber." In considering this we apply the further rule, equally well established, that particular words and clauses in a contract take precedence of general ones which they restrict and limit when that appears from the whole instrument to be the intention of the parties. In this case the parties have plainly expressed the intention that the note and deed of trust remain alive, to be paid and satisfied in the particular manner provided in the clause last quoted, thereby indicating that these instruments, although technically included in the general definition of the word contracts, were intended to be excluded from that definition in this particular instance. That there is no inexorable rule of law violated by this construction stands not only upon reason but the very point has been settled by authorities, among which we cite the following: Jones v. Hawkins, 17 Ind. 550, 552; Allison v. Hubbell, Id. 559, 564-6; Smith v. Brown, 28 Miss. 810. While these cases arose upon the construction of statutes, the reason which supports them is even more obviously applicable to private contracts, which do not usually involve the skill and care in their preparation incidental to legislative action.

It follows that the judgment of the circuit court of Shannon county must be, and it is, affirmed. *Blair, C.,* concurs.

PER CURIAM:—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All of the judges concur