FAIRMOUNT FILM CORPORATION, Appellant, *v.* NEW AMSTERDAM CASUALTY COMPANY, Respondent.

First Department November 7, 1919.

Principal and surety — action by foreign corporation on undertaking given in attachment — pleading — allegations not stating defense — failure of foreign corporation to obtain license to do business here and pay license tax.

Where a foreign corporation was compelled to appear in an action in this State solely by reason of an attachment and the plaintiff had given an undertaking to pay costs and damages sustained by the attachment should the defendant succeed, the defendant in that action, after the dismissal of the complaint, may maintain an action on the undertaking against the surety, and it is no defense for the surety to allege that the foreign corporation has not paid the license fee for doing business in this State required by section 181 of the Tax Law. Such allegation states no defense, and is a mere conclusion of law, it not being alleged that such license fee was fixed by the State Tax Commission and that the plaintiff failed to pay it.

So, too, it is no defense to said action on the undertaking to allege that the plaintiff, a foreign corporation, has not complied with sections 15 and 16 of the General Corporation Law so as to be entitled to do business in this State, for bonds and statutory undertakings given in legal proceedings or actions in this State are not contracts or agreements within the provisions of the statutory law relating to the requirements essential to the validity or enforcibility of agreements. The statutory prohibition

placed upon foreign corporations relates to negotiated contracts which become binding by consent or voluntary action of the foreign corporation, and not to contracts inuring to its benefit by implication of law, such as an undertaking on attachment with respect to which it had no volition.

APPEAL by the plaintiff, Fairmount Film Corporation, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of May, 1919, as overrules plaintiff's demurrer to the first separate defense in the answer.

*Herman S. Hertwig* of counsel [*Everett, Clarke & Benedict,* attorneys], for the appellant.

*Hector M. Hitchings* of counsel [*J. Elmer Melick* with him on the brief], for the respondent.

LAUGHLIN, J.:

Plaintiff is a foreign corporation and brings this action against the defendant, a domestic corporation, on an undertaking on attachment given by defendant in an action brought here by one Burdick against the plaintiff, whereby defendant undertook that if the warrant of attachment should be vacated or if the defendant in the action, the plaintiff in this action, should recover judgment therein, said Burdick would pay all the costs that might be awarded to this plaintiff and all of the damages which it might sustain by reason of the attachment, not exceeding $250, which amount was increased to $2,750, by subsequent undertaking given by the defendant. Plaintiff, although a foreign corporation, was solely by reason of the attachment compelled to appear in the action. The complaint in the attachment action was dismissed on the merits, with costs, and the judgment was affirmed by this court.*   The action is brought to recover $3,000, the damages alleged to have been sustained by the plaintiff by reason of the attachment.   The defense to which a demurrer for insufficiency was interposed, is that at the time the warrant of attachment was granted and the defendant executed the undertaking and at all times thereafter until the commencement of this action, the plaintiff was engaged in and was conducting business within this State without having complied with the provisions of sections 15 and 16 of the General Corporation Law (Consol.

* See *Burdick* v. *Fairmount Film Corporation* (184 App. Div. 895).— [REP.

Laws, chap. 23) or with the provisions of section 181 of the Tax Law (Consol. Laws, chap. 60) and that the contract upon which the action is brought was made *between* the plaintiff and the defendant within this State at a time when the plaintiff had not complied with said laws.

The real point presented for decision is whether the undertaking executed in the attachment action by the defendant herein for the benefit of the defendant in the attachment action, being the plaintiff herein, constituted a contract made by the plaintiff within this State upon which it is precluded by section 15 of the General Corporation Law from maintaining an action in the courts of this State on account of its having failed to obtain a certificate from the Secretary of State pursuant to the provisions of said section. The defense attempted to be predicated on section 181 of the Tax Law is without merit and is not well pleaded in any event. It merely charges in general terms that the plaintiff failed to comply with the provisions of that section but alleges no facts. It will be observed on examining said section 181 of the Tax Law (as amd. by Laws of 1917, chap. 490) that it requires a foreign corporation, doing business here, to pay a license fee for the privilege of exercising its corporate franchises or carrying on its business here, the amount of which license fee is determinable by the amount of the capital stock employed by the company in the State during the first year it carries on business here. The amount of capital upon which the license fee is required to be paid must be fixed by the State Tax Commission as prescribed in said section. It is manifest, therefore, that the license fee is not payable until the amount thereof has been fixed by the State Tax Commission. It is neither alleged that the State Tax Commission fixed the license fee nor that the plaintiff failed to pay it; and a mere general pleading of failure to comply with the provisions of such a statute is but a conclusion of law and not a statement of facts. (See *Seibert* v. *Dunn,* 70 Misc. Rep. 422; *Burrowes Co.* v. *Rapid Safety Filter Co.,* 49 id. 539; *Vonnoh* v. *67th Street Atelier Building,* 55 id. 222; *Frank* v. *Mandel,* 76 App. Div. 413; *Ellis* v. *Keeler,* 126 id. 343.) It is evident that the provisions of said section 181 of the Tax Law relate to foreign corporations which have

obtained the requisite certificate specified in section 15 of the General Corporation Law to do business here and it has been so held in effect. (*Hoevel Sandblast Machine Co.* v. *Hoevel,* 167 App. Div. 548.)

We come now to the real point in the case which is whether the undertaking on attachment so executed by the defendant for the benefit of the defendant in the attachment action was a contract made in this State by the defendant in the attachment action within the purview of the provisions of section 15 of the General Corporation Law (as amd. by Laws of 1917, chap. 594) which are as follows: " No foreign stock corporation doing business in this State shall maintain any action in this State upon any contract made by it in this State, unless prior to the making of such contract it shall have procured " the certificate from the Secretary of State as therein provided. Whenever the question has arisen in any of the courts of this State, so far as our attention has been drawn, or we have found, it has been uniformly held that bonds or statutory undertakings given in legal proceedings or actions are not contracts or agreements within the provisions of statutory law relating to the requirements essential to the validity or enforcibility of contracts or agreements. (*Thompson* v. *Blanchard,* 3 N. Y. 335; *Doolittle* v. *Dininny,* 31 id. 350; *Smith* v. *Brown,* 28 Miss. 810; *Sterling Mfg. Co.* v. *National Surety Co.,* 94 id. 604.)

The Legislature, I think, only intended to bar the doors of our courts to foreign corporations with respect to business which they were forbidden to transact here without obtaining a certificate from the Secretary of State and that is fairly to be inferred from the phraseology limiting the prohibition to actions upon contracts made by foreign stock corporations in this State. It is evident that it relates to negotiated contracts which become binding by the consent or voluntary action of the foreign corporation and not to contracts inuring to its benefit by implication of law such as the undertaking on attachment with respect to which it had no volition. The undertaking, it is true, inured to its benefit as a contract but it neither negotiated it nor signed nor assented to it and was powerless to reject it. Our courts are open to foreign corporations doing business here in violation of said statutes

for the maintenance of actions arising outside the State, and the statute does not preclude the maintenance in our courts by a foreign corporation of any action where the cause of action arises here other than those on *contracts* made by it within this State. (*Bremer* v. *Ring*, 146 App. Div. 724; *Great Northern Moulding Co.* v. *Bonewur, No. 1*, 128 id. 831; *Eclipse Silk Mfg. Co.* v. *Hiller*, 145 id. 568; *American Typefounders Co.* v. *Conner*, 6 Misc. Rep. 391.) The learned counsel for the appellant gives an apt illustration of what might happen if it should be held that such an undertaking constitutes a contract made by a foreign corporation here He assumes a case where a foreign corporation although doing business here without obtaining a certificate, brings an action and recovers a judgment on a cause of action not within the prohibition of the statute and that an undertaking on appeal is given which the plaintiff is powerless to reject, and he well states that if the contention made by the defendant here be sound, it would necessarily be held that such undertaking was a contract made by the plaintiff here where it was doing business without authority and that it could not recover thereon.

It follows that the order should be reversed, with ten dollars costs and disbursements and the demurrer sustained, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs.