In the Matter of the Accounting of ANDREW A. FRASER et al., as Executors of EDWIN K. SCHEFTEL, Deceased, Respondents.

TRINITY SECURITIES COMPANY, Appellant.

136

Argued May 17, 1937; decided July 13, 1937.

Carroll G. Walter, James Lee Kauffman and William B. Denton for appellant. Section 181 of the Tax Law (Cons. Laws, ch. 60) does not bar an allowance of appellant's claim for the reason that there is neither allegation nor proof that any license tax had been fixed by the State Tax Commission. (Halsey v. Jewett Dramatic Co., 190 N. Y. 231; Seibert v. Dunn, 70 Misc. Rep. 422; 157 App. Div. 387; 216 N. Y. 237; Fairmount Film Corp. v. New Amsterdam Casualty Co., 189 App. Div. 246; International Petroleum Co. v. Mexican Sinclair Petroleum Co., 238 N. Y. 554; People v. Tropical Fruit Corp., 252 N. Y. 605; Ewert v. Bluejacket, 259 U. S. 129; Iselin v. United States, 270 U. S. 245; Wallace v. Cutten, 298 U. S. 229; Matter of Erikson v. Cohen, 243 App. Div. 1; International Fuel & Iron Corp. v. Donner Steel Co., 242 N. Y. 224.) Section 181 does not make it essential that the tax be paid before an action is commenced. It operates, not as a forfeiture, but merely as a sus-

pension of a civil remedy until compliance. (*People ex rel. Mutual Trust Co.* v. *Miller*, 177 N. Y. 51; *Matter of Gates*, 243 N. Y. 193; *Neuchatel Asphalte Co.* v. *Mayor*, 155 N. Y. 373; *National Fertilizer Co.* v. *Fall River Bank*, 196 Mass. 458; *Kendrick & Roberts* v. *Warren Bros.*, 110 Md. 47; *Shipman* v. *Portland Construction Co.*, 64 Ore. 1; *Burton* v. *Oliver F. E. S. Co.*, 121 Fla. 148; *Carson-Rand Co.* v. *Stern*, 129 Mo. 381; *Ryan Livestock & Feeding Co.* v. *Kelly*, 71 Kan. 874; *Buffalo Zinc & Copper Co.* v. *Crump*, 70 Ark. 525.) The Surrogate had the power, and it was his duty, to accept the receipt for the tax when tendered by appellant before the entry of the decree and thereupon to allow the claim. (*Matter of Fuller*, 227 App. Div. 801; 254 N. Y. 519; *Herpe* v. *Herpe*, 225 N. Y. 323; *Chester* v. *Buffalo Car Mfg. Co.*, 183 N. Y. 425; *Matter of Henderson*, 157 N. Y. 423; *Butler* v. *Clark*, 66 Hun, 444; 142 N. Y. 636; *Oka* v. *United States F. & G. Co.*, 213 App. Div. 746; *Morgenbesser* v. *Tartasky*, 235 App. Div. 697; *Asserson* v. *City of New York*, 195 App. Div. 12; *Matter of Van Bokkelen*, 155 Misc. Rep. 289; *Matter of Snitkin*, 151 Misc. Rep. 118; *Matter of Erlanger*, 154 Misc. Rep. 862.) Section 218 of the General Corporation Law does not justify disallowance of the claim. (*Eclipse Silk Mfg. Co.* v. *Hiller*, 145 App. Div. 568; *Buffalo & Jamestown R. R. Co.* v. *Gifford*, 87 N. Y. 294; *Yonkers Gazette Co.* v. *Taylor*, 30 App. Div. 334; *International Fuel & Iron Corp.* v. *Donner Steel Co.*, 242 N. Y. 224; *Angldile Computing Scale Co.* v. *Gladstone*, 164 App. Div. 370; *Commercial Coal & Ice Co.* v. *Polhemus*, 128 App. Div. 247; *Tallapoosa Lumber Co.* v. *Holbert*, 5 App. Div. 559; *Southworth* v. *Morgan*, 143 App. Div. 648; 205 N. Y. 293; *Hoevel Sandblast Machine Co.* v. *Hoevel*, 167 App. Div. 548; *Fairmount Film Corp.* v. *New Amsterdam Casualty Co.*, 189 App. Div. 246.)

*Blaine F. Sturgis* and *Andrew A. Fraser* for respondents. The claim of appellant was properly dismissed on the

ground that it was subject to and had not complied with section 181 of the Tax Law. (*International Text Book Co.* v. *Tone*, 220 N. Y. 313; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *People ex rel. Chicago J. Rys. & U. S. Y. Co.* v. *Roberts*, 154 N. Y. 1; *People ex rel. Manila El. R. R. & L. Co.* v. *Knapp*, 229 N. Y. 502; *Matter of Green*, 231 N. Y. 237; *Howden & Co.* v. *American C. & E. Corp.*, 194 App. Div. 164; 231 N. Y. 627; *People ex rel. Griffith, Inc.*, v. *Loughman*, 249 N. Y. 369; *Wood & Selick* v. *Ball*, 190 N. Y. 217; *Wylie* v. *Addoms*, 268 N. Y. 160.) The lower courts, in the exercise of discretion, have properly refused to allow appellant to introduce a receipt showing payment of a license fee made subsequent to the decision, and the Court of Appeals will not review that discretion. (*Matter of Noll*, 273 N. Y. 219.) The facts found establish that appellant's contract for the sale of stock is unenforceable under section 218 of the General Corporation Law (Cons. Laws, ch. 23). (*Penn Collieries Co.* v. *McKeever*, 183 N. Y. 98; *Mahar* v. *Harrington Park Villa Sites*, 146 App. Div. 756; 204 N. Y. 231; *Inter. Fuel & Iron Corp.* v. *Donner Steel Co.*, 242 N. Y. 224; *Wood & Selick* v. *Ball*, 190 N. Y. 217; *International Text Book Co.* v. *Tone*, 220 N. Y. 313.)

FINCH, J. The appellant, Trinity Securities Company, a foreign stock corporation organized in Delaware, filed a claim against the estate of the decedent Edwin King Scheftel for the sum of $20,000 with interest, which it alleged was the balance due on a subscription for stock of the corporation. An answer was filed which set up as partial defenses, among others, that the appellant is a foreign corporation which did business in this State without qualifying as required by section 210 of the General Corporation Law (Cons. Laws, ch. 23) and without paying the license tax required by section 181 of the Tax Law (Cons. Laws, ch. 60). The Surrogate filed a decision which, while dismissing all other defenses,

disallowed the claim on the ground that under section 181 of the Tax Law failure to pay the license tax barred recovery on the claim. Immediately after the decision was rendered, but before the entry of the decree, the appellant requested the State Tax Commission to fix the amount of capital upon which the tax imposed by section 181 was payable and, when the Commission made the assessment, the appellant paid the amount thereof and obtained a receipt. Thereupon the Trinity Company petitioned the Surrogate for leave to submit the receipt and have its claim allowed. The Surrogate denied the motion on the ground that he lacked the power to alter the decision, and that in any event the statute barred a recovery unless the tax was paid before instituting action or filing a claim. The Appellate Division affirmed, two justices dissenting, the majority opinion stating that while the Surrogate erred in saying that he lacked jurisdiction to reconsider his decision, he properly exercised his discretion to do so in this case, since the payment of the tax after the commencement of the proceedings does not remove the bar imposed by section 181.

The pertinent portions of section 181 of the Tax Law read as follows:

" § 181. License tax on foreign corporations. * * * Every foreign corporation * * * doing business in this state, shall pay for the use of the state, a license fee of one-eighth of one per centum for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this state, to be computed upon the basis of the capital stock employed by it within this state, during the first year of carrying on its business in this state; which first payment shall not be less than ten dollars; * * *. The measure of the amount of capital stock employed in this state shall be such a portion of the issued capital stock as the gross assets employed in any business within this state bear to the gross assets wherever employed in business * * *. The amount of capital upon

which such license fees shall be paid shall be fixed by the state tax commission, * * * and the state tax commission shall have the same power to issue a warrant for the collection of such license fees, as now exists with regard to domestic corporations. *No action shall be maintained or recovery had in any of the courts in this state by such foreign corporation after thirteen months from the time of beginning such business within the state, without obtaining a receipt for the payment of the license fee upon the capital stock employed by it within this state during the first year of carrying on its business in this state.*" (Italics interpolated.)

Obviously this section imposes a license fee for the privilege of doing business in this State. Since 1895 license fees have been imposed upon certain foreign corporations for the privilege of doing business in this State. These statutes from the first have contained provisions barring recovery or the maintenance of actions by such foreign corporations without obtaining a receipt for the license fee. In 1907 the last sentence of this tax provision read as follows: " No action shall be maintained or recovery had in any of the courts in this state by such foreign corporation without obtaining a receipt lor the license fee hereby imposed within thirteen months after beginning such business within the state, or if at the time this section takes effect such a corporation has been engaged in business within this state for more than twelve months, without obtaining such receipt within thirty days after such tax is due." (Laws of 1901, ch. 558; Laws of 1906, ch. 474.) In that year two cases involving this provision were decided by this court. In *Wood & Selick* v. *Ball* (190 N. Y. 217) it was held that section 181 sets up a condition subsequent, that compliance with it need not be pleaded in the complaint, but that non-compliance may be set up in the answer as a defense. In *Halsey* v. *Jewett Dramatic Co.* (190 N. Y. 231) it was decided that the failure to pay the tax could

not be set up as a defense unless the failure to pay occurred after the amount of the license fee had been assessed by the Comptroller. A like result was reached by Chief Judge CRANE, then sitting at Special Term, in an opinion in which he stated that it was not intended that foreign corporations should tax themselves, and that until the tax was computed by the Comptroller no tax was due. (*Seibert* v. *Dunn*, 70 Misc. Rep. 422; affd., 157 App. Div. 387; reversed on other grounds, 216 N. Y. 237.) Although minor changes had been made in the law, the ruling of the earlier cases was reiterated in *Fairmount Film Corp.* v. *New Amsterdam Cas. Co.* (189 App. Div. 246).

Section 181 of the Tax Law was amended by the Legislature thrice subsequent to the above decisions of this court in 1907. In 1909 the Tax Law was revised (L. 1909, ch. 62), in 1910 the forfeiture clause was amended (L. 1910, ch. 340), and in 1917 the section was applied to all foreign corporations with certain limited exceptions not material here, and a minimum fee was fixed (L. 1917, ch. 490). In each instance the important provision was retained that the amount of capital upon which the tax is to be paid shall be fixed by the State Tax Commission. But more important than these amendments is the fact that the Legislature is presumed to have had knowledge of the construction which had been placed on the provision requiring assessment, and in adopting in these re-enactments the language used in the earlier act, must be deemed to have adopted also the interpretation of the legislative intent decided by this court, and to have made that construction a part of the re-enactment. (*Hecht* v. *Malley*, 265 U. S. 144, 153; *Heald* v. *District of Columbia*, 254 U. S. 20, 23; *Latimer* v. *United States*, 223 U. S. 501, 504; *Kepner* v. *United States*, 195 U. S. 100, 124.) Subsequently a case arose in which the defense of non-payment of the tax was stricken out because it failed to allege that the tax had been assessed

against the plaintiff therein. On appeal to this court, it was urged that the earlier cases were no longer binding by reason of the 1917 amendment. Although the provision of the statute barring a recovery or the maintenance of an action without obtaining a receipt for the tax remained without material change, it was asserted that the extension of the tax to corporations doing business within the State without authority required a changed interpretation. Otherwise, it was stated, foreign corporations could do business in this State without obtaining a certificate, evade payment of the tax imposed by section 181 and nevertheless be in a position to institute actions herein on their contracts because the Tax Commission, not knowing of their presence, could not and would not have assessed a tax against them. Despite this argument, this court affirmed the order' dismissing the defense of non-payment of the tax as insufficient, because it failed to allege that the tax had been assessed. (*International Petroleum Co.* v. *Mexican Sinclair Petroleum Co.*, 238 N. Y. 554.)

No pertinent change has been made in the statute since the decision of *International Petroleum Co.* v. *Mexican Sinclair Petroleum Co.* (238 N. Y. 554) up to the time of the dismissal of the claim in the case at bar, and the foregoing authorities, therefore, are binding. They state a rule upon which reliance has been had. The Legislature at any time can amend the section so as to make the bar more stringent. Apparently, however, the trend is the other way for it has come to our attention that the most recent amendment of the section entirely eliminates the provision that no recovery may be had or action maintained without obtaining a receipt for the tax (Laws of 1937, ch. 496). Perhaps this is because section 218 of the General Corporation Law accomplishes much the same purpose.

In any event the contract in the case at bar does not fall within section 218 of the General Corporation Law.

That section provides that a foreign corporation doing "business in this state shall not maintain any action in this state upon any contract made by it in this state, unless before the making of such contract it shall have obtained a certificate of authority." This section has no application to contracts made by a foreign corporation before it commences doing business in this State. The subscription agreement became binding upon the decedent at the time the Trinity Company was organized, and the company cannot be said to have been doing business in this State at that time. The so-called opening of an account with a brokerage firm prior to the effective organization of the corporation, into which account no money was paid until after the decedent had subscribed for the stock, and the sale of its own stock by the corporation does not constitute "doing business in this state" within the meaning of that phrase as used in section 218.

The order of the Appellate Division and the decree of the Surrogate's Court so far as appealed from should be reversed and the claim allowed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur; RIPPEY, J., dissents.

Ordered accordingly.