■ Sheila Klefsky, Infant, by Her Natural Guardian Eleanor Rosenblum, Appellant, v. Mark Klefsky, Respondent.— In an action for annulment of a marriage on the ground of fraud, plaintiff appeals from an order of the Supreme Court, Kings County, entered November 22, 1965, which (a) denied her motion for a protective order denying disclosure as to the items contained in defendant's demand for a bill of particulars, and (b) conditionally granted defendant's cross motion for a preclusion order with respect to matters itemized in said demand, as modified by the order. Order modified by including in the exception provision of the second ordering paragraph that (a) the word "exact" is deleted from items 1 and 2 of the demand and the words "substance of the" are substituted in its place and (b) item 4 is deleted. As so modified, order affirmed, without costs. The time to serve the bill of particulars is extended until 10 days after entry of the order hereon. In our opinion, the demand was improper insofar as it requested "exact" statements and particulars as to matter which has not been charged against defendant. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ Kosson & Sons, Appellant, v. Robert A. W. Carleton, Jr., Doing Business under the Name of Carleton Brothers & Co., et al., Respondents, et al., Defendant.— In an action by a subcontractor to foreclose a mechanic's lien and to recover upon a payment bond, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, entered December 24, 1965, as, on reargument, adhered to the court's original decision and dismissed the amended complaint on motion of the defendant general contractor and the defendant surety on the payment bond. Order reversed, insofar as appealed from, with $10 costs and disbursements, and motion denied, without costs. The time to answer the amended complaint is extended until 20 days after entry of the order hereon. Respondents' motion, under CPLR 3211, insofar as is here material, was made on the ground that plaintiff did not have legal capacity to sue. That contention was based on the claim that plaintiff was a foreign corporation, doing business in this State without having been authorized to do so. Section 218 of the General Corporation Law, concededly applicable in this case, where the causes of action accrued prior to September 1, 1963 (see Business Corporation Law, § 103, subd. [d]; § 1401), provides that a "foreign corporation * * * doing business in this state shall not maintain any action in this state upon any contract made by it in this state, unless before the making of such contract it shall have obtained a certificate of authority." The statute is applicable only where the contract sued upon was made by the plaintiff in this State (*Fairmount Film Corp.* v. *New Amsterdam Cas. Co.*, 189 App. Div 246; *Bertolf Bros.* v. *Leuthardt*, 261 App. Div. 981); it does not appear from the papers submitted that the contract between plaintiff and the general contractor was made here; and the question cannot be determined as a matter of law, on motion under CPLR 3211, but must await trial. Respondents, if so advised, may plead the alleged lack of capacity to sue as a defense in their answer. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.