In the Matter of M & G Convoy, Inc., Petitioner, v State Tax Commission, Respondent.

Third Department, December 23, 1976

*Jack J. Geller, Harold Fein* and *Robert C. Macek* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

Main, J. Petitioner, a New York corporation engaged in transporting automobiles and trucks to dealers in the northeastern part of the United States, maintains 3 of its 11 terminals in the State of New York. To these New York terminals vehicles are brought mainly by rail from out of State and unloaded and placed in bay areas from which they are reloaded on petitioner's convoys and transported to dealers in New York and throughout the Northeast. The franchise tax assessment challenged herein was imposed pursuant to section 184 of the Tax Law upon petitioner's receipts from its convoy movements originating at one of the New York termi-

nals and terminating within the State of New York. Claiming a refund, petitioner contends that the convoy movements in question were part of the interstate flow of traffic and, thus, that the receipts therefor were not subject to the tax because of the statutory exclusion for "business of an interstate character" (Tax Law, § 184, subd 1). In its determination respondent rejected this argument on the ground that all of the receipts taxed "were derived from business conducted by the taxpayer entirely within New York."

Upon our review, we hold that respondent's determination is erroneous as a matter of law and must be annulled. Factually indistinguishable and directly on point is *People ex rel. New York Cent. & Hudson Riv. R. R. Co. v Miller* (94 App Div 587) wherein the taxpayer carried, wholly within this State, express freights which were shipped from points within this State for delivery without the State or from points without this State for delivery within the State. In that instance, this court held that the taxpayer's business was of interstate character and that it was not subject to the franchise tax under section 184 of the Tax Law because of exclusion contained therein. To the same effect is *People ex rel. Connecting Term. R. R. Co. v Miller* (178 NY 194) wherein a comparable situation involving the shipment of grain and other products through the City of Buffalo was presented, and the Court of Appeals held that the operations in question were a "mere link" in the transportation of various goods in interstate commerce and that, as such, they were not subject to the franchise tax.

Thus, a reading of these cited cases makes it readily apparent that it is the long-settled law of this State not to tax operations such as petitioner's under section 184 of the Tax Law. Moreover, that constitutional restraints upon the taxation of interstate commerce by the State were lifted subsequent to those decisions (see *Western Live Stock v Bureau of Revenue,* 303 US 250) does not alter our result here because the statutory exclusion remains and the Legislature's numerous re-enactments thereof in recent years without change serve clearly to establish the continued validity of said exclusion as it has previously been interpreted and construed by the courts (cf. *Matter of Scheftel,* 275 NY 135; *Matter of New York Tel. Co. v Public Serv. Comm. of State of N. Y.,* 286 App Div 28, affd 309 NY 569).

The determination should be annulled, the petition granted,

with costs, and the matter remitted for further proceedings not inconsistent herewith.

HERLIHY, J. (dissenting). In the case of *People ex rel. New York Cent. & Hudson Riv. R. R. Co. v Miller* (94 App Div 587, 590-591) the court referred to the words "interstate character", however, its decision clearly indicates that what it considered the language to mean was an intent not to tax transportation in a way forbidden by the United States Constitution and in particular the interstate commerce clause. In the case of *People ex rel. Connecting Term. R. R. Co. v Miller* (178 NY 194, 200-201) the court held that the "character" of the commerce would control regardless of whether or not the commerce clause of the Federal Constitution would permit taxation. In that particular case the "carrier" was merely a link between water vessels and railroads and under such circumstances its function was not reasonably subject to characterization as having only an intrastate relation to the goods handled.

In the present case there is no violation of the Federal Constitution as to the interstate commerce clause *and* the transshipment by the petitioner is certainly not merely a "link" between other carriers. The facts in this case do not conclusively demonstrate an "interstate" character although there is obviously an interstate relationship. The railroad shipment ended in New York and the petitioner's shipment clearly begins and ends in New York and there is no *singular* shipment from the shippers to the final destination.

In my opinion the determination of the court that the *statute* has been construed as not permitting a tax on operations wherever the shipment originated outside of New York is erroneous. The construction of the statute urged by the respondent is not irrational or clearly prohibited and, therefore, we should not disturb it. The facts do not conclusively establish an "interstate character".

The determination should be confirmed.

KANE, J. P., MAHONEY and LARKIN, JJ., concur with MAIN, J.; HERLIHY, J., dissents and votes to confirm in a separate opinion.

Determination annulled, petition granted, with costs, and matter remitted for further proceedings not inconsistent herewith.