In the Matter of OVERSEAS NATIONAL AIRWAYS, INC., Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, January 20, 1983

APPEARANCES OF COUNSEL

*Breed, Abbott & Morgan* (*Edward H. Hein* of counsel), for petitioner.

*Robert Abrams*, Attorney-General (*Lawrence J. Logan* and *William J. Kogan* of counsel), for respondent.

OPINION OF THE COURT

MIKOLL, J.

Petitioner Overseas National Airways, Inc. (ONA), a Delaware corporation with corporate headquarters in New York, was engaged in the interstate and foreign air transport of passengers and cargo.[1] None of its flights was made entirely within New York State. Petitioner was assessed franchise tax deficiencies for several years from 1968 through 1977 for taxes allegedly due under section 184 of the Tax Law. These deficiencies are imposed as a result of various transactions in which ONA was involved and which took place in Europe and in States other than New York.

---

1. Petitioner's business was totally liquidated as of January, 1979.

A formal hearing was held on petitioner's request for a redetermination of deficiency or refund. The hearing officer submitted a memorandum and proposed decision to the State Tax Commission in which he stated that there was no factual issue in the case, and that, in his opinion, "the primary issue is one of statutory construction". He concluded that "the gains, the interest, the dividends and the fees that are the subject of this controversy derived from transactions that took place in Europe and in states other than New York". The hearing officer recommended granting the petition. However, upon recommendation of the Tax Commission, the decision was rewritten. The commission issued a determination on January 22, 1982 sustaining the deficiencies on the grounds (1) that the gain from the intangible assets represented by the contracts, passbooks and other instruments were "held, managed and controlled at petitioner's New York headquarters", and (2) that these intangible assets were "sufficiently separable from petitioner's interstate and foreign transportation business that income therefrom did not fall within the exclusion of section 184 for 'earnings derived from business of an interstate character'". This proceeding ensued.

Our review of the record reveals that the determination of the State Tax Commission is not supported by substantial evidence. The determination should be annulled and the petition granted.

Respondent bases its determination on the presumed situs of the intangible assets which represent the transactions. Respondent asserts that petitioner's New York headquarters is its commercial domicile, and, as such, the intangible assets that respondent claims were "held, managed and controlled" at the headquarters had a situs in New York. Respondent's reliance on *New York ex rel. Whitney v Graves* (299 US 366) for this proposition is misplaced. That case involved the taxability of a membership on the New York Stock Exchange, "an intangible right of a peculiar nature", which "may be identified with a particular place because the exercise of the right is fixed exclusively or dominantly at that place" (*New York ex rel. Whitney v Graves, supra,* p 372). In the instant case, neither did the actual transactions occur in New York, nor

was the exercise of the intangible right fixed exclusively or dominantly in New York.

Respondent also mistakenly relies on *Wheeling Steel Corp. v Fox* (298 US 193) where the Supreme Court held that intangible assets, accounts receivable and bank deposits, were permissibly taxed in West Virginia because the corporation's business was localized in that State, applying the commercial domicile test as an outgrowth of the rule of *mobilia sequuntur personam* (movables follow the person). However, in *Japan Line v County of Los Angeles* (441 US 434, 442), the court commented on the medieval maxim *mobilia sequuntur personam* and noted that "[t]his theory of taxation, of course, has fallen into desuetude". Further, in *Mobil Oil Corp. v Commissioner of Taxes of Vermont* (445 US 425, 445), the court stated that "there is nothing talismanic about the concepts of 'business situs' or 'commercial domicile' that automatically renders those concepts applicable when taxation of income from intangibles is at issue".

The statute in question in plain language taxes earnings from sources within the State and excludes earnings from interstate commerce. Respondent's determination goes beyond its authority and, in effect, it has usurped the power to legislate new taxes (see *Matter of Good Humor Corp. v McGoldrick*, 289 NY 452, 455; *Matter of Building Contrs. Assn. v Tully*, 87 AD2d 909, 910).

Respondent's fear that the decision proposed by the hearing officer "would be a blank check enabling other corporations to avoid taxation" appears to be eliminated by the 1981 amendment to subdivision 1 of section 184 of the Tax Law relating to capital employed and offices maintained within the State.[2]

The earnings involved in the instant case were clearly not from sources within the State and should not be taxed as they are derived from business of an interstate character. The statutory exclusion has long been recognized as

---

2. It should be noted that this court has declared subdivision 1 of section 184 of the Tax Law unconstitutional insofar as gross earnings are measured by gross receipts from air carriage (*Air Transp. Assn. of Amer. v New York State Dept. of Taxation & Fin.*, 91 AD2d 169 [decided herewith]).

valid (see *Matter of M & G Convoy v State Tax Comm.,* 55 AD2d 204, affd 42 NY2d 1017).

The petition should be granted, with costs, the determination annulled, and the matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.

KANE, J. P., YESAWICH, JR., WEISS and LEVINE, JJ., concur.

Petition granted, with costs, determination annulled, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.